# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL No. 6:95cr38-1 |
| | § | |
| CHARLES RAY POLK | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 24, 2009, the Court conducted a hearing to consider the United States' petition to revoke the supervised release of Defendant Charles Ray Polk. The United States was represented by Richard Moore, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Wayne Dickey, Assistant Federal Public Defender.

Defendant was originally found guilty of the following offenses: 1) Attempted Use of a Weapon of Mass Destruction (Count 1); 2) Solicitation to Commit a Crime of Violence (Count 2); 3) Solicitation to Commit a Crime of Violence (Count 3); and 4) Unlawful Possession of a Machine Gun (Count 5). Count 1 carried a statutory maximum imprisonment term of life. Counts 2, 3, and 5 carried statutory maximum imprisonment terms of ten (10) years. The United States Sentencing Guidelines prescribed an imprisonment range for Count 1, based on a total offense level of thirty-five (35) and a criminal history category of I, of 168 to 210 months. The United States Sentencing Guidelines prescribed an imprisonment race for Counts 2, 3, and 5 of 120 months. On August 9, 1996, United States District Judge William Wayne Justice sentenced Defendant to 189 months imprisonment on Count 1 and terms of 120 months imprisonment as to each of Counts 2, 3, and 5, to be served concurrently with each other and with the term imposed as to Count 1, followed by five (5) years supervised release, subject to the standard conditions of

release. On April 15, 2009, Defendant completed his term of imprisonment and began the five (5) year term of supervised release.

Under the terms of supervised release, Defendant was prohibited from associating with any persons engaged in criminal activity or associating with any person convicted of a felony without the permission of the probation officer. Defendant was further prohibited from leaving the judicial district without permission of the Court or probation officer. In its petition, the government alleges that Defendant violated these conditions by entering an automobile driven by Harold Tyrone Harmon, Sr., a convicted felon, on April 15, 2009 at approximately 7:30 a.m. and by traveling outside the Eastern District of Texas on that same day.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than five (5) years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Section 7B1.1(a) of the Sentencing Guidelines indicates that if the Court finds by a preponderance of the evidence that Defendant violated conditions of supervision by associating with any persons engaged in criminal activity or associating with any person convicted of a felony and/or by entering an automobile driven by Harold Tyrone Harmon, Sr., a convicted felon, on April 15, 2009 at approximately 7:30 a.m. and by traveling outside the Eastern District of Texas on that same day, Defendant will be guilty of committing a Grade C violation, for which the Court may revoke Defendant's term of supervised release in favor of a term of imprisonment or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is three (3) to nine (9) months. U.S.S.G. § 7B1.4(a).

Where the minimum term of imprisonment under U.S.S.G. section 7B1.4 is at least one (1)

month but not more than six (6) months, the minimum term may be satisfied by either a sentence of imprisonment or a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to both violations alleged in the petition. Further, the parties agreed to recommend the following three modified conditions of release. First, beginning at a time to be arranged by the probation office, Defendant Charles Ray Polk shall reside in the prerelease component of the residential reentry center for a period of 173 days. In lieu of paying subsistence to the residential reentry center, Defendant shall deposit those funds into a savings account which shall not be accessed until Defendant is released from the residential reentry center. During this term, Defendant shall observe all rules and regulations of the facility. Defendant shall remain in the custody of the United States Marshal until placement in the residential reentry center. The United States Marshal shall deliver Defendant to the residential reentry center upon the appointed date. Additionally, Defendant must have a release plan approved by the U.S. Probation Office before being released from the residential reentry center. Second, Defendant shall not consume or possess any alcoholic beverages while serving his term of supervised release. Third, Defendant shall participate in a program of testing and treatment for alcohol abuse under the guidance and direction of the U.S. Probation Office.

Pursuant to the agreement of the parties, the Court **RECOMMENDS** that the supervised release of Defendant Charles Ray Polk not be revoked and the conditions of supervised release be modified as follows. First, Defendant shall remain in the custody of the United States Marshal,

and beginning at a time to be arranged by the probation office, Defendant Charles Ray Polk shall reside in the prerelease component of the residential reentry center for a period of 173 days. In lieu of paying subsistence to the residential reentry center, Defendant shall deposit those funds into a savings account which shall not be accessed until Defendant is released from the residential reentry center. During this term, Defendant shall observe all rules and regulations of the facility. Defendant shall remain in the custody of the United States Marshal until placement in the residential reentry center. The United States Marshal shall deliver Defendant to the residential reentry center upon the appointed date. Defendant must have a release plan approved by the U.S. Probation Office before being released from the residential reentry center. Second, Defendant shall not consume or possess any alcoholic beverages while serving his term of supervised release. Third, Defendant shall participate in a program of testing and treatment for alcohol abuse under the guidance and direction of the U.S. Probation Office. The Court further **RECOMMENDS** that the standard conditions of supervised release remain in effect.

    The parties have waived their right to object to the findings and recommendation of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 28th day of April, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE